# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

TIFFANY TERVEEN,

    Plaintiff,

v.

TEAZER'S ENTERTAINMENT, LLC
d/b/a NIKITA'S PLAYROOM,
and TIMOTHY D. TREADWELL

CIVIL ACTION FILE
NO. _____

## COMPLAINT

COMES NOW Plaintiff Tiffany Terveen, who brings this civil action by and through undersigned counsel and states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for damages and other relief brought by Plaintiff against Defendants Teazer's Entertainment, LLC d/b/a Nikita's Playroom ("Nikita's") and Timothy D. Treadwell ("Treadwell") (collectively, "Defendants") pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"), the Tip Income Protection Act, 29 U.S.C. § 203(m)(2)(B) ("TIPA"), the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 to 110 ("SCPWA"), and common law as a result of Defendants' failure to pay Plaintiff the minimum wage

as required by both federal and South Carolina law and for other authorized damages.

2. The crux of Plaintiff's claims are that (i) she was not paid by Defendants at least the minimum wage under federal or South Carolina law, for each hour she worked at Nikita's, constituting a violation of both the minimum wage provisions of the FLSA and the SCPWA; (ii) she was not permitted by Defendants to keep 100% of all tips paid to her by Nikita's patrons, a violation of TIPA and SCPWA.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Tiffany Terveen is a natural person residing in Gainesville, Georgia.

4. Defendant Teazer's Entertainment, LLC d/b/a Nikita's Playroom is a domestic South Carolina corporation, which may be served with a Summons and copy of the Complaint by and through its Registered Agent, Timothy D. Treadwell, 10301 Greenville Highway, Wellford, South Carolina 29385, or wherever he may be found. This Defendant is subject to the personal jurisdiction and venue of this Court.

5. Defendant Timothy D. Treadwell is, on information and belief, the owner and Chief Executive Officer of Defendant Nikita's, who may be personally

served with a Summons and a copy of the Complaint at 10301 Greenville Highway, Wellford, Spartanburg County, South Carolina 29385, or wherever he may be found. This Defendant has and exercises day-to-day supervision, management and operational control over Nikita's, and he is subject to the personal jurisdiction and venue of this Court.

6. The Court has original jurisdiction over the claims stated herein pursuant to 28 U.S.C. §§ 1331, 1332(d) and 1337.

7. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

9. Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because the alleged events giving rise to Plaintiff's claims occurred in this division of this judicial district.

10. Defendants are both "employers" within the meaning of federal and South Carolina law.

# FACTS

11. At all times for the five (5) years prior to the filing of this civil action, Defendants have employed female entertainers at Nikita's.

12. Plaintiff was employed by and performed at Nikita's as an entertainer from April 2019 until August 16, 2019.

13. At all relevant times while performing at Nikita's, Defendants intentionally misclassified Plaintiff as an independent contractor rather than as an employee of Nikita's.

14. Defendants misclassified Plaintiff as "independent contractor," at least in part, to avoid their obligations under the FLSA, TIPA, SCPWA and South Carolina common law requiring them to pay Plaintiff at least the relevant minimum wage and to let her keep all of her tips as required by law, as opposed to requiring her to share her tips with other individuals working at Nikita's, or the club itself.

15. Defendants were each Plaintiff's "employer" as defined by the FLSA.

16. At all relevant times, Defendant Nikita's was engaged in interstate commerce.

17. Defendant Nikita's had at least $500,000.00 in annual gross volume of sales made or business done in the last three years.

18. Defendant Nikita's purchases inventory and supplies from outside the State of South Carolina.

19. Defendant Nikita's purchases alcohol from outside the State of South Carolina.

20. Defendant Nikita's is open to the public and serves customers from outside the State of South Carolina.

21. Defendant Nikita's accepts credit cards from banks residing outside the State of South Carolina.

22. Entertainers are integral to Defendants' business.

23. When hiring entertainers, Nikita's does not require them to have any particular experience or training in dance.

24. Prior to working at Nikita's, Plaintiff had no specialized training in dance.

25. As an entertainer at Nikita's, Plaintiff was economically dependent upon Defendants.

26. At all relevant times, Defendants exercised control over most aspects of Plaintiff's work, and subjected its entertainers, including Plaintiff, to various club rules and policies, formal and informal.

27. Defendants required Plaintiff to arrive for her shift by 9 p.m. Defendants charged Plaintiff a "late fee" if she did not arrive before then.

28. Defendants required Plaintiff to remain at the club until closing time.

29. Defendants required Plaintiff to pay Nikita's a nightly "house fee" of $50.

30. Defendants required Plaintiff to charge specific amounts for dancing for the club's customers.

31. Defendants required Plaintiff to dance in a rotation with other entertainers on the club's stages.

32. Defendants required Plaintiff to pay Nikita's DJ a fee of $10 per night.

33. Defendants, and not Plaintiff, made capital investments in the facilities, maintenance, sound and light systems at Nikita's.

34. Nikita's imposes fines on its entertainers who fail to conform their conduct to its rules/policies.

35. Nikita's has fined Plaintiff for being a "no-show" on a scheduled shift and a "late-fee" for not arriving "on time" for a scheduled shift.

36. Defendants, and not Plaintiff, have financed all advertising and marketing efforts undertaken on behalf of Nikita's.

37. Defendants, and not Plaintiff, make all the major, day-to-day staffing and managerial decisions related to the operations of Nikita's.

38. At all relevant times, Plaintiff received no direct compensation from Defendants, and instead was compensated only in the form of tips from Nikita's customers.

## COUNT I

## VIOLATION OF THE FLSA'S MINIMUM WAGE PROVISION

39. Plaintiff restates the allegations in Paragraphs 1 - 38 as if fully set forth.

40. Plaintiff typically performed at Nikita's, on average, 7.5 hours/night, two (2) or three (3) nights per week.

41. Pursuant to 29 U.S.C. § 206(a), Defendants were required to pay Plaintiff at least the federal minimum wage ($7.25/hour) for each hour she worked.

42. Because Defendants did not pay Plaintiff at least $7.25 for each hour she worked in any given workweek, Defendants are liable to Plaintiff for her unpaid minimum wages under the FLSA.

43. Defendants intentionally and willfully violated Plaintiff's rights under the FLSA by failing to inquire or investigate its legal obligations to pay Plaintiff at least the federal minimum wage for every hour worked.

## COUNT II

## VIOLATION OF SOUTH CAROLINA PAYMENT OF WAGES ACT

44. Plaintiff restates the allegations in Paragraphs 1- 42 of the Complaint as if fully set forth.

45. At all relevant times, Defendants were Plaintiff's employer within the meaning of the SCPWA, and Plaintiff was not exempt from the payment of the minimum wage.

46. At all relevant times and throughout her employment with Defendants, Plaintiff worked for customer tips, but did not receive any wages from Defendants.

47. At all relevant times, Defendants withheld, deducted and/or diverted portions of Plaintiff's wages from her in the form of house fees and mandatory "tip-outs," without any basis in law and without written notification to Plaintiff as required by S.C. Code Ann. § 41-10-40(C).

48. At all relevant times, Defendants improperly classified Plaintiff as an independent contractor so as to avoid having to pay her the minimum wage under South Carolina law for each hour worked, a violation of the SCPWA.

49. As a result of the aforementioned practice, Defendants have willfully violated the SCPWA, and Plaintiff is entitled to recover at least $7.25/hour, the applicable minimum wage under South Carolina law for each hour worked.

50. As a result of the aforementioned practice, and given the absence of any bona fide dispute about Plaintiff's entitlement to the wages in question, Plaintiff is entitled to recover from Defendants an amount equal to three times the full amount of unpaid wages, plus costs and reasonable attorney's fees as the Court may allow.

## COUNT III

## VIOLATION OF THE TIP INCOME PROTECTION ACT OF 2018

51. Plaintiff restates the allegations in Paragraphs 1- 50 of the Complaint as if fully set forth.

52. TIPA prohibits employers from keeping tips received by its employees for any purpose, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

53. Defendants regularly kept a portion of Plaintiff's earned tips, forcing her to share her tips with other employees at the club.

54. This practice of forcing Plaintiff to share her tips with Defendants and other personnel at the Club constitutes a violation of TIPA for which Plaintiff has been harmed in an amount to be specifically proven at trial.

## COUNT IV: DECLARATORY RELIEF

55. Plaintiff restates the allegations in Paragraphs 1- 54 of the Complaint as

if fully set forth.

56. This claim is an action for declaratory relief brought pursuant to 28 U.S.C. § 2201 *et seq.*

57. An actual controversy exists between the parties in this case with regard to Plaintiff's proper classification while employed by Defendants and whether the imposed fines, required house fees and mandatory tip-outs mandated by Defendants upon Plaintiff constitute unjust enrichment to Defendants in the form of illegal kick-backs which must also be reimbursed to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that:

a. The Court enter judgment in favor of Plaintiff and against Defendants for the value of all her unpaid wages plus pre-judgment interest;

b. The Court award liquidated damages in an amount equal to the amount of all unpaid wages to Plaintiff, pursuant to 29 U.S.C. §216(b);

c. The Court award Plaintiff three times the amount of her unpaid wages as authorized by S.C. Code Ann. § 41-10-80(C), along with reasonable attorneys' fees as authorized by the SCPWA;

d. The Court declare that Defendants' fines and mandatory tip-outs constitute an illegal "kick-back" to Defendants, for which Plaintiff is entitled to be reimbursed;

e. The Court award Plaintiff her reasonably incurred attorneys' fees and litigation costs incurred in prosecuting these claims, pursuant to 29 U.S.C. §216(b); and

f. The Court grant the Plaintiff all other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

_____
DEAN R. FUCHS
(PHV Application Pending)
Georgia Bar No. 279170
Schulten Ward Turner & Weiss, LLP
260 Peachtree Street, N.W.
Suite 2700
Atlanta, GA 30303
Telephone: (404) 688-6800
Facsimile: (404) 688-6840
d.fuchs@swtwlaw.com


s/ Jeffrey P. Dunlaevy
Jeffrey P. Dunlaevy
Federal Bar No. 7575
Dunlaevy Law Firm
37 Villa Road, Suite 440

Greenville, SC 29615
864.208.9305
jeff@dunlaevylaw.com

Attorneys for Plaintiff

November 7, 2019